## 15635.  MORRIS *v.* BATTEY.

STEPHENS, J.  1.  Since the prosecution to an unsuccessful termination by the landlord of a summary proceeding to dispossess his tenant, where the tenant did not vacate the premises, constituted no interference with, or privation of, the tenant's possession, it did not amount to a breach by the landlord of the implied covenant for quiet enjoyment.  36 C. J. 81.

2.  Although the tenant, in defending against such proceedings, may have incurred considerable expense in obtaining bond to arrest the proceedings and attorney's fees, and otherwise suffered considerable trouble and annoyance as a result of the institution of the proceedings, he is not

remediless, but could recover in a tort action against the landlord for malicious use of legal process to the tenant's damage, provided he could show that the landlord was actuated by malice and proceeded without probable cause in issuing the summary proceedings to dispossess. *Slater* v. *Kimbro*, 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. Rep. 19).

3. In a suit by the landlord against the tenant to recover the rent, a plea of recoupment, filed by the defendant, alleging that the plaintiff had breached his covenant of quiet enjoyment by instituting a summary process to dispossess the tenant, which contained no allegation that the tenant was either actually or constructively evicted, set out no cause of action against the plaintiff, and the trial judge erred in overruling a demurrer to it.

4. The trial judge having erroneously overruled the plaintiff's demurrer to the defendant's plea of recoupment, the verdict and judgment afterwards rendered in favor of the defendant on the plea was contrary to law, and the judge of the superior court erred in not sustaining the certiorari sued out by the plaintiff.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925. REHEARING DENIED FEBRUARY 28, 1925.

Certiorari; from Fulton superior court—Judge Ellis. March 27, 1924.

*Mitchell & Mitchell,* for plaintiff.

*Mark Bolding, E. F. Childress,* for defendant.