## 65834. RUBIN v. MIKART, INC.

SOGNIER, Judge.

Rubin sued Marquez and Marquez's former employer, Mikart, Inc., for damages for harassing telephone calls allegedly made by Marquez to Rubin at his home and business. Rubin alleged that Mikart was jointly and severally liable for damages because it allowed Marquez to make the calls on its phone lines. The trial court granted Mikart's motion for summary judgment and Rubin appeals.

Appellant contends that the trial court erred in granting summary judgment in favor of Mikart because issues of fact remain as to whether Mikart knowingly permitted Marquez to telephone appellant repeatedly. Appellant and his attorney asserted in affidavits that the phone calls had continued to be made from Mikart's phones after they had warned Mikart's president and attorney that the calls had been traced to Mikart's phone lines. Appellant's attorney stated that one of the two parties so informed had said that the calls were being made by Marquez. Pretermitting the adequacy of the evidence in the record to establish that the telephone calls were actually traced to Mikart, we do not agree with appellant's contentions.

Mikart's president stated the following in his affidavit: Marquez was in charge of inventory, a job position in which no business contact with appellant was authorized; Mikart's employees, including Marquez, were not authorized to use company telephones for personal calls; and no calls were made by Marquez to appellant at Mikart's command or direction.

" ' "In determining the liability of the master for the negligent or willful acts of a servant, the test of liability is, not whether the act was done during the existence of the employment, but whether it was

done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." ' [Cits.]" *Jones v. Reserve Ins. Co.,* 149 Ga. App. 176, 177 (1) (253 SE2d 849) (1979). Appellant has produced no evidence to controvert Mikart's showing that any phone calls allegedly placed by Marquez to appellant were made neither in the prosecution of nor within the scope of Mikart's business, nor at Mikart's command.

" "There is no liability on the part of the master arising from the mere relationship of master and servant. [Cits.] . . . There is a long line of decisions to the effect that if the servant steps aside from his employment and acts without the scope of his master's business, and commits a tort, the master is not liable. [Cits.]' [Cits.]" *Jones,* supra at 178 (2). " '[T]o exonerate the master from liability it is essential that the [employee's] deviation should be for purposes entirely personal to the servant, where the servant, notwithstanding the deviation, is engaged in the master's business within the scope of his employment, it is immaterial that he join with this some private purposes of his own.' *Andrews v. Norvell,* 65 Ga. App. 241, 245 (15 SE2d 808) (1941)." *Miller v. Honea,* 163 Ga. App. 421, 422 (294 SE2d 629) (1982). Despite some evidence that Marquez was at his employer's place of business when certain of the alleged calls were made, other undisputed evidence established that the act of making the calls was in no way connected to the work Marquez was employed to perform. Further, appellant suggested a personal purpose for the calls when he responded in his answers to interrogatories that his complaint allegations were based in part on the factual contention that Marquez's wife worked for plaintiff and that Marquez is a jealous person.

We find no merit in appellant's argument that Mikart should be liable simply for permitting the calls to appellant. Apparently appellant is relying upon the proposition that where a master has knowledge that his servant pursues a given course of conduct and the master takes no steps to prevent such conduct, the master is liable for the consequences. *Allen & Bean v. American &c. Ins. Co.,* 153 Ga. App. 617, 619 (266 SE2d 295) (1980). However, in contrast with the instant case, in those cases in which this proposition has been applied as a basis of employer liability, there was some evidence connecting the employee's "course of conduct" with the prosecution or the scope of the master's business. See e.g. *American Oil Co. v. McCluskey,* 119 Ga. App. 475, 479 (167 SE2d 711) (1969); *Atlantic Coast Line R. Co. v. McLeod,* 9 Ga. App. 13 (5) (70 SE 214) (1911). It is basic that an act cannot be subject to ratification unless done for and in behalf of the person adopting it and attempting to ratify it. *Render v. Jones Mercantile Co.,* 33 Ga. App. 394 (1) (126 SE 159) (1924). " ' "The

doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him." [Cits.]' " *Deal v. Dickson,* 232 Ga. 885, 886 (3) (209 SE2d 214) (1974). In *Parry v. Davison-Paxon Co.,* 87 Ga. App. 51, 55 (2) (73 SE2d 59) (1952) this court held " 'Where the employee was acting exclusively for himself and was not acting at all for the master, and did not profess to be acting for the employer, the mere retaining of the servant after knowledge of his tort would not constitute ratification binding the master.' [Cit.]"

As the evidence on motion for summary judgment showed without dispute that any calls made by the former employee, Marquez, were involved in a personal matter and not in furtherance of Mikart's business, within the scope of his employment, or at Mikart's command, the trial court did not err in granting summary judgment in favor of Mikart. *Jones,* supra at 179.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 12, 1983.

*Macklyn A. Smith,* for appellant.
*John J. Capo,* for appellee.