## 71338. WEST et al. v. CHATHAM COUNTY et al.
(339 SE2d 390)

BIRDSONG, Presiding Judge.

This lawsuit is by the children of Janice West against the State of Georgia, the Georgia Department of Offender Rehabilitation ("DOR") and Chatham County, for recompense for the murder of Janice West by Ora Lee Bolden, a state prisoner who escaped from a road work detail in Chatham County. The trial court granted summary judgment to Chatham County and the plaintiffs appeal. *Held*:

Appellants contend Chatham County is responsible for its employees' misconduct in failing to properly supervise and direct the prison detail, and is liable to them as incidental third-party beneficiaries of the contract for the use of prison labor between Chatham County and the Georgia Department of Offender Rehabilitation; and that the repeated presence of prison laborers obtained by appellee Chatham County and utilized on county maintenance projects without proper supervision constituted a continuous nuisance for which the county is liable.

Summary judgment was properly granted to Chatham County.

The master contract between Chatham County and DOR for use of state prison labor provides that the county would direct and control "the work to be done" but would have no control, direction, or supervision of any inmate, the sole responsibility for which would be the DOR. The trial court found as fact that neither Chatham County

nor any of its employees had any control, authority or responsibility over or for this state prisoner who escaped and murdered Mrs. West. No grounds for a cause of action against Chatham County exist in defiance of sovereign immunity. *Miree v. United States,* 242 Ga. 126, 134 (249 SE2d 573).

Secondly, the only situation in which appellants would have a cause of action as third-party beneficiaries of the contract between Chatham County and DOR, would be where "intention is manifest in the contract that the defendant shall compensate members of the public for injurious consequences arising from its attempts to perform its duties under the contract. Unless such an intention is shown on the face of the contract, defendant is under no duty and consequently plaintiff acquires no right as the third party beneficiary." *Plantation Pipe Line Co. v. 3-D Excavators,* 160 Ga. App. 756, 757 (287 SE2d 102). There is no evidence of such a provision or intention in the contract here. The particular contract governing the work detail in question apparently could not be produced because it was lost, but the trial court considered another contract that was apparently and allegedly identical (see OCGA § 24-5-2; *Mulkey v. State,* 155 Ga. App. 304 (270 SE2d 816)); this writing does not disclose any intention to compensate third-party beneficiaries (id.) and the appellants have produced no other that does.

Finally, we will not hold that the utilizing of state prison labor on county projects is, by itself, a "nuisance" for which the county would be liable under implied authority of *Baranan v. Fulton County,* 232 Ga. 852, 855 (209 SE2d 188). The Supreme Court held in *Miree v. United States,* supra, that a county could not be liable for a nuisance unless the act complained of amounts to "a taking for public purposes." The trial court here held that the Supreme Court majority decision controls as long as it stands, "despite the logic and fairness" of appellant's nuisance approach. See *Miree* dissent of Justice Hill.

However, at the very least, an action for nuisance against any defendant must be grounded upon the creation or performance of a repetitious or continuous act which "causes hurt, inconvenience, or damage to another." OCGA § 41-1-1. "That which the law authorizes to be done, if done as the law authorizes, cannot be a nuisance. [Cits.]" *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419, 425 (249 SE2d 224). Although an act may be lawful in itself, it becomes a nuisance when conducted in an illegal manner to the hurt, inconvenience, or damage of another, and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. Id. p. 425; OCGA § 41-1-1. If there ever can be an action against a county for maintaining a nuisance other than one that deprives private property, there is not one here. The utilizing of state prisoners for county work, which is all the county is responsible for doing here, is not by itself a nuisance but is

a beneficial act. In merely contracting for the utilization of prison inmates for county work projects, the county was doing a lawful act and there is no evidence that the county did so in an illegal manner to the hurt, inconvenience and damage of another. This is not intended to indicate that the negligent use of a particular prisoner, or negligent control, supervision or direction of work-detail prisoners by another body who is responsible for the control, supervision or direction and supervision of that work is or is not a nuisance outside the shield of sovereign immunity. See *Miree,* supra, generally.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED DECEMBER 5, 1985 —
REHEARING DENIED JANUARY 6, 1986 — 

*Walter W. Ballew III,* for appellants.
*Oliver Hunter, Charles W. Barrow, Michael E. Hobbs, Assistant Attorney General,* for appellees.