72576. SANDERS et al. v. COLQUITT COUNTY HOSPITAL AUTHORITY.
(348 SE2d 490)

SOGNIER, Judge.

Mabel and Donnell Sanders brought this malpractice action against Colquitt County Hospital Authority, d/b/a Colquitt Regional Medical Center (CCHA) alleging that Mabel Sanders had been infected with a hepatitis virus as a result of blood transfusions from four units of blood received in CCHA's hospital. The trial court granted summary judgment in favor of CCHA and this appeal ensued.

Appellants contend the trial court erred by granting summary judgment in favor of appellee because questions of fact exist whether appellee was negligent in testing, analyzing, procuring, processing and transfusing the blood. The standard of care which appellee was responsible for providing is set forth in OCGA § 31-22-5 (a) which

states: "Those clinical laboratories which provide a system for the collection, processing, or storage of human blood and its component parts shall provide methods for the selection of blood donors as well as methods for the collection, storage, processing, and transfusion of blood which shall ensure that the blood donation will not be detrimental to the donor and to protect the ultimate recipient of human blood or any of its component parts from infectious disease known to be transmissible by blood." The statute further provides in part (b) that the methods of handling blood employed by entities such as appellee must conform to the standards promulgated by the American Association of Blood Banks (AABB).

The record contains affidavits by Gilbert Kidd, Director of Technical Services for the Atlanta Red Cross (ARC) regional office responsible for receiving, testing, storing and distributing all blood donations and by Dr. William Brown, the pathologist responsible for blood used at appellee's hospital. These affidavits show that the units of blood in question here were supplied to appellee by the ARC which adheres to the standards promulgated by the AABB regarding the handling of blood and blood products as well as self-promulgated regulations. In his affidavit, Kidd stated that all blood donations accepted by the ARC are carefully tested in compliance with the AABB standards and that the ARC's test results of the units in question, using the state of the art test for hepatitis virus, were negative. Further, Kidd stated in his affidavit that nothing in the required health assessments of the blood donors of the units in question indicated that any of the donors was a hepatitis carrier. Kidd also stated that on receipt of the sealed units from the ARC, appellee was responsible only for testing them for compatibility with appellant's blood prior to infusion into appellant. In his affidavit, Dr. Brown stated that the compatibility test was properly performed by use of a segment of blood attached to the outside of each sealed unit and that the units were found compatible with appellant Mabel Sanders' blood. In his expert opinion, Dr. Brown stated that the process used by appellee to transfuse units of blood in a patient allows no possible contamination with hepatitis virus and that there was no deviation from that process in regard to the transfusion in this case.

Appellants do not raise any allegations pursuant to OCGA § 31-9-6 (d) regarding a failure to obtain Mabel Sanders' consent to the general course of treatment to be undertaken. Rather, they allege only that appellee was negligent in failing to inform Mabel Sanders of the specific risk of contracting hepatitis as a result of blood transfusions. This claim has been decided adversely to them in *Parr v. Palmyra Park Hosp.*, 139 Ga. App. 457 (228 SE2d 596) (1976). See also *Spikes v. Heath*, 175 Ga. App. 187, 188 (2) (332 SE2d 889) (1985). *Simpson v. Dickson*, 167 Ga. App. 344, 348 (2) (306 SE2d 404) (1983). Appel-

lants submitted no affidavits to contradict those of appellee asserting that appellee did not deviate from the required statutory standard of care in any area in which it was alleged to have been negligent. "The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. [Cits.] [Appellee] has met this burden. Where the movant has pierced the allegations of the pleadings and shown the truth to the court, he may receive a grant of summary judgment where there is no genuine issue of material fact considering the pleadings and available evidence. [Cit.] . . . If the non-existence of any genuine issue of material fact is established by such credible evidence that on the facts and law the movant is entitled to judgment as a matter of law, the motion should be granted, unless the respondent shows good reason why he is at the time of the hearing unable to present facts in opposition to the motion. [Cits.] Once [appellee] carried [its] burden to show the absence of any genuine issue of fact [that it was not negligent, appellants were] required to offer refuting evidence. [Appellants] could not rely upon the mere conclusory statements in [their] pleadings. [Cits.] [They] had a duty to respond to the motion in such a way as to show a genuine issue of fact or suffer the grant of summary judgment. [Cits.] As a general proposition, issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial before a jury. [Cits.] However, where the facts conclusively show by plain, palpable and undisputed evidence that the defendant was not at fault including cases involving contentions of negligence, contributory negligence or exercise of ordinary care for one's own safety, such case properly may be resolved as a matter of law through the vehicle of summary judgment. [Cits.] Such is the factual and legal situation in the case sub judice." *Fort v. Boone*, 166 Ga. App. 290, 291-292 (304 SE2d 465) (1983). Thus, it follows that the trial court did not err by granting summary judgment to appellee. See generally id.; *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566-567 (307 SE2d 99) (1983).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 15, 1986 —
REHEARING DENIED JULY 30, 1986

*O. Wayne Ellerbee,* for appellants.

*Hoyt Whelchel, F. Thomas Young,* for appellee.