72956. STIPP et al. v. BAILEY et al.
(353 SE2d 52)

McMURRAY, Presiding Judge.

Plaintiffs Stephen A. Stipp and Joan A. Stipp brought an action against individual defendant John R. Bailey and corporate defendant Homes by John Bailey, Inc. for fraud and conversion stemming from a construction contract entered into between plaintiffs and individual defendant Bailey. The defendants answered, denying the material allegations of the complaint, and subsequently filed a motion entitled: "Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment." In support thereof, individual defendant Bailey filed his affidavit stating that "[i]n July, 1983, I began construction of a house for the plaintiffs in Monroe County, Georgia for a construction price of $75,800.00.

"On November 25, 1983, the house was substantially completed, in accordance with the plans and specifications and plaintiffs moved into the house. On November 28, 1983 at the closing of plaintiffs permanent loan, $1,000.00 was escrowed to cover certain unfinished items on the house. With the exception of one or two minor items, the house has now been completed in accordance with the plans and specifications.

"In addition to the $75,800.00 contract price, plaintiffs paid to defendants $2,017.00 for additional items and labor on the house, which were additions to plaintiffs and defendants original agreement.

"All payments made by plaintiffs to defendants were used by defendants to pay for labor or services performed or materials furnished for the specific improvement of the plaintiffs' property. In fact, defendants had to pay additional monies out of their pocket over and above the contract price to cover the costs of all materials, labor or services performed. Defendants have completed the construction of the house with the exception of a few items and defendants have never acted in bad faith or been stubbornly litigious, nor have they ever converted any funds of the plaintiffs which plaintiffs paid to defendants for their own use rather than for use on the house. I am and was an experienced contractor at the time I constructed plaintiffs' home and all funds paid by plaintiffs to defendants were used in the construction of the house."

In addition, the defendants filed the affidavit of Sara M. Bailey, who attested to the following: "I am the Secretary-Treasurer of Homes by John Bailey, Inc., and all monies received by the defendants from plaintiffs in the above style case were paid out by me for labor or services performed or materials used in the construction of a house for plaintiffs. At no time were any funds converted to defendants' own use or used for any purpose other than for the construction of the house.

"In fact, defendant had to pay monies out of its own pocket to cover the construction costs for the completion of the house.

"Plaintiffs' house was constructed in accordance with the plans and specifications as agreed upon by [plaintiffs] and defendants."

No evidence was submitted by plaintiffs with regard to defendants' alleged fraud or conversion and the trial court entered summary judgment against plaintiffs. This appeal followed. *Held*:

In their sole enumeration of error plaintiffs contend that the trial court erred in granting summary judgment with regard to their claim for conversion. We do not agree. " 'When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. (Cits.)' *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566 (307 SE2d 99) (1983). The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. *Skinner v. Humble Oil &c. Co.*, 145 Ga. App. 372 (243 SE2d 732) (1978)." *Kelly v. American Fed. Savings &c. Assn.*, 178 Ga. App. 542 (1) (343 SE2d 755). In the case sub judice, defendants submitted unrefuted evidence that all payments made by plaintiffs to defendants were used by defendants for the construction of plaintiffs' house. On the other hand, plaintiffs submitted no evidence showing that defendants converted any of their property. At best, the evidence in the record indicated a contractual dispute regarding performance under the construction contract. Consequently, the trial court did not err in entering summary judgment against plaintiffs with regard to their claim for conversion.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.

*C. Robert Melton, Theron M. Moore*, for appellants.
*David P. Hulbert, Jr., Michael G. Gray*, for appellees.