74525, 74526. HARDWICK, COOK & COMPANY et al. v. 3379 PEACHTREE, LTD. et al.; and vice versa.
(363 SE2d 31)

SOGNIER, Judge.

3379 Peachtree, Ltd., Steinemann Management Company, and its president, Frank Steinemann, Jr., the owner and managers of an office building (collectively Peachtree), brought a dispossessory proceeding seeking possession of the premises as well as damages against their tenants, Hardwick, Cook & Company, a general accounting firm, and its partners, Gregory G. Hardwick and R. Willis Cook (collectively Hardwick, Cook). In March 1985, the trial court granted Peachtree's motion for partial summary judgment on the issue of possession of the premises. Hardwick, Cook filed a notice of appeal, but subsequently voluntarily withdrew it and vacated the premises. Nine

months later, the trial court granted partial summary judgment to Peachtree on most, but not all, remaining issues, and all parties appeal.

The record reveals that Hardwick, Cook occupied the premises under a lease which provided for payment of a base rent which was to be adjusted annually based on the tenant's share of any increase or decrease in the building's operating expenses. The record further shows that a major renovation of the building was undertaken in 1984, which involved putting a glass "shell" around the existing building, giving rise to an escalating dispute between the parties which culminated in this action. It is uncontroverted that in December 1984 Hardwick, Cook did not pay its rent to Peachtree, and that despite Hardwick, Cook's tender of the rent on January 7, 1985, Peachtree refused the tender, exercised its right to terminate the lease, and instituted dispossessory proceedings.

1. In the main appeal, Hardwick, Cook first contends the trial court erred by granting partial summary judgment to Peachtree on the issue of possession of the premises. We do not agree with Peachtree that we are precluded from considering any enumerations based on the March 1985 order because any appeal from that order is not timely. Contrary to Peachtree's argument, *Mitchell v. Oliver*, 254 Ga. 112 (327 SE2d 216) (1985) is factually inapposite, because in *Mitchell* the appeal from a grant of partial summary judgment was *involuntarily* dismissed by the appellate court, while in the instant case Hardwick, Cook did not suffer dismissal of its "[OCGA] § 9-11-56 (h) appeal for failure to fulfill procedural requirements." Id. at 114 (1). Thus, the "sanction of res judicata which attaches to a final judgment from which a procedurally defective appeal is taken," suffered by the appealing party in *Mitchell,* is not applicable to Hardwick, Cook. Hardwick, Cook has perfected a proper appeal under the provisions of OCGA § 9-11-56 (h) from the trial court's subsequent order granting partial summary judgment to Peachtree on other issues, and thus under the facts of this case (in which a second order granting partial summary judgment has been entered) in the interest of judicial economy, the prior grant of partial summary judgment will be reviewed and determined by the appellate court, without regard to the present direct appealability of the judgment. OCGA § 5-6-34 (c).

We therefore turn to the merits of Hardwick, Cook's contention in this and two other enumerations. Hardwick, Cook maintains that its tender of the past due rent affords it a complete defense to the dispossessory under OCGA § 44-7-52. However, we agree with the trial court that the provisions of OCGA § 44-7-52 do not apply to the circumstances of this case. The lease for these commercial premises provides that "[a] failure by [Hardwick, Cook] to pay the rent, or to make any other payment required to be made by [Hardwick, Cook]

hereunder, where such failure continues for ten (10) days after the date such payment was due" constitutes an event of default under the lease. The lease further provides that in the event of a default, the landlord [Peachtree] may, with or without notice of demand, "[g]ive written notice to [Hardwick, Cook] of [Peachtree's] election to terminate this Lease, re-enter the Premises with or without process of law and take possession of the same and of all equipment and fixtures therein and expell (sic) or remove [Hardwick, Cook] and all other parties occupying the Premises. . . ." "Similar language has been held to constitute a waiver of the provisions of [OCGA Title 44, Ch. 7, Art. 3]. [Cit.] '[OCGA § 44-7-2 (b) (Ga. L. 1982, p. 3, § 44)] provides that a landlord may not avoid in any lease "for the use or rental of real property *as a dwelling-place*" any of the requirements set forth in [article 3 of chapter 44-7, relating to proceedings against tenants holding over]. (Emphasis supplied.) Conversely, it follows that a landlord *may* contract to avoid these statutory requirements when renting property which is not to be used as a dwelling place.' [Cits.]" *Eason Publications v. Monson*, 163 Ga. App. 370, 371 (294 SE2d 585) (1982). Thus, by entering into the lease agreement, Hardwick, Cook waived the defense provided by OCGA § 44-7-52, and Peachtree was entitled to refuse the tender.

The record does not support Hardwick, Cook's argument that no sufficient demand for possession was made prior to instituting suit. It is well settled that this court will not consider factual representations made in a brief which are not supported by the record and thus we will not consider this argument. *Pruitt v. Tyler*, 181 Ga. App. 174, 175-176 (351 SE2d 539) (1986).

Finally, in regard to the issue of possession, we are not persuaded by Hardwick, Cook's argument that no rent was owed in December because it was entitled to set off various amounts allegedly owed to it by Peachtree or several other entities. Pretermitting the question of whether such claims may be valid, the lease expressly provides that rent "shall be paid without deduction or offset." Accordingly, the trial court did not err by granting partial summary judgment to Peachtree on the issue of possession of the premises.

2. Hardwick, Cook next asserts, in three separate enumerations, that the trial court erred by awarding attorney fees to Peachtree because the action is still pending below, and there is not yet a "prevailing party." We do not agree. The lease provides that "[i]n the event that [Peachtree] should bring suit for the possession of the Premises, . . . then all costs and expenses, including reasonable attorney's fees, incurred by the prevailing party therein shall be paid by the other party. . . ." Although it is true that some portions of this action are still pending below, particularly as to the amount of damages, the issue of possession of the premises has been decided, and it is clear that

Peachtree is the prevailing party, having been awarded possession. Similarly, Peachtree clearly prevailed on the other issues as to which the trial court awarded attorney fees. Therefore, under the clear and unambiguous terms of the lease, Peachtree is entitled to costs and expenses, including attorney fees, as to those issues.

We find no merit in Hardwick, Cook's argument that the affidavit submitted by Peachtree in support of its claim for attorney fees is insufficient evidence on which the trial court could have properly based such an award, in that it contained no hourly breakdown of the fee. "Sufficient evidence to support an award of attorney's fees would not necessarily have to consist of the man hours devoted to the case but might only consist of an opinion of an expert ([Peachtree's] attorney might well qualify as an expert) as to what a reasonable fee would be for the services rendered." *Liberty Mut. Ins. Co. v. Kirkland,* 156 Ga. App. 576, 577 (275 SE2d 152) (1980).

3. Hardwick, Cook claims the trial court erred by granting summary judgment against it on its counterclaim for damages for Peachtree's breach of the covenant of quiet enjoyment of the premises. Hardwick, Cook claims, and Peachtree does not dispute, that there was substantial disruption at the building during the extensive renovation. However, it is uncontroverted that Hardwick, Cook continued its occupancy and its business during the renovation, and nothing in the record indicates a constructive eviction. See generally *Morris v. Battey,* 33 Ga. App. 422, 423 (3) (126 SE 854) (1925); *Feinberg v. Sutker,* 35 Ga. App. 505, 506 (1) (134 SE 173) (1926). Further, we agree with the trial court that the renovations were contractually authorized by the lease, in which Hardwick, Cook, as tenant, waived and released any claim for damages related to the renovation unless the landlord failed to carry out the renovation work "in such manner as to cause [Hardwick, Cook] the least inconvenience practicable." In support of its motion for summary judgment, Peachtree proffered the deposition testimony of Frank C. Steinemann, Jr., president of the management company, who testified as to several ways in which the owners and management attempted to conduct the renovation so as to cause tenants the least inconvenience possible, specifically that the elevator cabs were renovated one at a time, the existing exterior walls were left in place during the renovation to minimize the dust and debris in offices, the lobby was refurbished piecemeal to ensure access during the work, and the general contractor was instructed to perform the noisiest construction work during evenings and weekends. In the absence of any evidence from Hardwick, Cook rebutting this or showing that the work could have been conducted in a less intrusive or inconvenient fashion, the trial court did not err by granting summary judgment to Peachtree on this issue. See generally *Stipp v. Bailey,* 181 Ga. App. 555, 556 (353 SE2d 52) (1987).

4. Hardwick, Cook contends the trial court erred by granting partial summary judgment against it as to its counterclaim seeking recovery of "excess rent" paid to the previous owner, prior to the time Peachtree purchased the building. This argument must fail since it is clear that under the terms of the lease any reimbursement allegedly owed to Hardwick, Cook for the time prior to Peachtree's purchase of the building would be the responsibility of the previous owner.

5. Peachtree sought recovery below for three acts of Hardwick, Cook allegedly constituting trespass: throwing trash out the windows of its offices between the original outside walls and the new glass "shell" so that the trash came to rest directly outside Peachtree's management office windows, placing trash in the halls and common areas, and driving a car into the sheetrock wall of the building's parking garage. The trial court granted partial summary judgment to Peachtree as to its claim that Hardwick, Cook was liable for trespass when it threw trash out the windows, but did not rule on the other two claims of trespass.

(a) In view of the admission by Hardwick, Cook that it did throw trash out the windows of its office, thereby establishing the trespass, we find Hardwick, Cook's argument that it was entitled to so throw the trash because the space between the old exterior wall and the new glass "shell" was either a common area or a portion of its leased premises, to be utterly without merit. Nor are we persuaded by Hardwick, Cook's argument that it was prevented from presenting any defenses in justification or mitigation of damages by the trial court's grant of summary judgment against it on this issue. The issue of damages has been left for determination by a jury, and such defenses may be raised at that time.

(b) Although Peachtree contends in its cross-appeal that the trial court erred by denying its motion for partial summary judgment as to its claims that Hardwick, Cook is liable in trespass for the other two incidents, we agree with Hardwick, Cook that the trial court's order neither granted nor denied Peachtree's motion for partial summary judgment as to these issues, and consequently, there is nothing for us to review. Peachtree's cross-appeal must therefore be dismissed. See *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467, 469 (4) (326 SE2d 827) (1985). We note, however, that because of conflicting evidence as to whether Peachtree's tenants had been informed not to place trash in the halls, and whether Gregory Hardwick drove his car into the wall or whether the car was pushed or bumped into the wall by another vehicle, neither of these issues would have been amenable to summary adjudication.

6. We find no merit in Hardwick, Cook's allegation that the trial court erred by granting summary judgment to Peachtree on its claim that Hardwick, Cook was liable in nuisance for intentionally playing a

radio loudly in its window for the specific purpose of harassment. Gregory Hardwick admitted in his deposition testimony that he positioned the radio so that it would be likely to cause disruption and that it was played at a "somewhat loud level" on ten occasions. Contrary to Hardwick, Cook's argument, the fact that the lease did not prohibit playing a radio is not dispositive of this issue. For "[a]lthough an act may be lawful in itself, it becomes a nuisance when conducted in an illegal manner to the hurt, inconvenience, or damage of another . . . [Cit.]" *West v. Chatham County*, 177 Ga. App. 417, 418 (339 SE2d 390) (1986). Under the facts presented here, the trial court did not err by granting summary judgment to Peachtree.

7. We have examined the record carefully, and we find no merit in Hardwick, Cook's claims regarding alleged set-offs owed it for Peachtree's failure to furnish the correct number or type of parking spaces, or reasonable elevator service. Accordingly, the trial court did not err by striking Hardwick, Cook's counterclaims as to these matters. OCGA § 9-11-12 (f).

*Judgment affirmed in Case No. 74525. Appeal dismissed in Case No. 74526. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 29, 1987 —
REHEARING DENIED NOVEMBER 10, 1987 —

*Norman E. Smith*, for appellants.
*Warren W. Wills, Jr., Alan F. Herman, Paul H. Arne, Robert F. Woodland, Jr.*, for appellees.

