## 77825. CONAWAY v. AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY.
### (375 SE2d 144)

McMURRAY, Presiding Judge.

Plaintiff Conaway filed this action for damages against defendant American Guarantee & Liability Insurance Company. Plaintiff alleged that he was injured in an occurrence covered under a no-fault insurance policy issued by defendant to Barge & Company, Inc., and that the policy provided no-fault personal injury protection (PIP) benefits of $50,000.

Defendant answered, admitting the allegation of plaintiff's complaint concerning PIP benefits of $50,000. Subsequently, defendant amended its answer so as to deny that the policy provided PIP benefits of $50,000 as alleged by plaintiff. In its amended answer defendant alleged the PIP benefits applicable to the plaintiff or the vehicle occupied by plaintiff were only $5,000.

Defendant moved for summary judgment contending that it had paid or tendered the $5,000 PIP limits applicable to plaintiff's claim. Plaintiff appeals from the grant of defendant's motion for summary judgment. *Held*:

In support of its motion for summary judgment defendant filed affidavits which included as exhibits the election or rejection of optional coverages, declarations' pages and extensions of declarations' page from the insurance policy at issue. These affidavits and supporting documents show that Barge & Company, Inc., the insured under the policy, did not purchase optional PIP coverage for the vehicle occupied by plaintiff.

Plaintiff contends that due to the absence of the remainder of the insurance policy there are questions of fact as to whether the policy provides $50,000 PIP coverage to plaintiff. "When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial." *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566, 567 (307 SE2d 99). The plaintiff having failed to produce evidence which would conflict with the evidence offered by defendant that no optional PIP coverage was purchased for the vehicle occupied by plaintiff, no issue of material fact is presented by the record. See also *Stipp v. Bailey*, 181 Ga. App. 555, 556 (353 SE2d 52); *Sanders v.*

*Colquitt County Hosp. Auth.*, 180 Ga. App. 58, 60 (348 SE2d 490).

Plaintiff also contends that issues of material fact are presented by the withdrawn admission, that the policy provided $50,000 PIP coverage, contained in defendant's original answer. "Ordinarily, admissions against interest contained in the pleadings are admissible as evidence. See *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980). ' "Admissions of fact in the pleadings can always be taken advantage of by the opposite party, and can be used as evidence even though the pleadings should be stricken or withdrawn (cits.) . . . This rule, however, has application to admissions of fact, and is not applicable where the admission is merely the opinion on the part of the party making it . . ." *Clift & Goodrich v. Mincey Mfg. Co.*, 41 Ga. App. 38 (1) (152 SE 136) (1929). "An admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact. Thus, allegations which are conclusory, or which assert mere opinions of the pleader are not admissions in judicio." Green, Ga. Law of Evidence (2d ed.), § 238, p. 394.' *Ga. Cas. &c. Co. v. Jernigan*, 166 Ga. App. 872, 876 (4) (305 SE2d 611) (1983)." *Aiken v. Dept. of Transp.*, 171 Ga. App. 154, 155 (319 SE2d 58). The withdrawn admission upon which plaintiff relies is merely an opinion or conclusion and thus fails to create an issue of material fact. No genuine issue of material fact appears in the record, therefore, the state court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 7, 1988.

*James G. Jackson*, for appellant.
*Dan B. Wingate*, for appellee.