A96A2119. ALLSTATE INSURANCE COMPANY v. SAPP et al.
(477 SE2d 869)

Judge Harold R. Banke.

Allstate Insurance Company appeals the denial of summary judgment on its declaratory judgment action which sought a determination of coverage on an insurance policy issued to B. Robert Sellers. Allstate raises two enumerations.

While alone at his uncle's house, Richard Pratt, then 16, became bored and decided on an impulse to use his uncle's 1984 Nissan pickup truck without permission. Pratt mistakenly believed he could slip back before his uncle returned home. Pratt testified that although he knew he needed Sellers' consent to drive the truck, he did not attempt to obtain it. Pratt admitted that on every prior occasion where he had asked to borrow the truck, his uncle had refused his request. Pratt had never taken the truck or any other vehicle without permission. Less than 45 minutes after he "borrowed" the truck, Pratt totaled it in a single vehicle accident. Both Pratt and his only passenger, Jonathan Sapp, received minor injuries.

Sellers testified that when his sister notified him about the accident, he became enraged and "wanted to kill" his nephew, feeling that Pratt had breached his trust. Sellers informed his Allstate agent that Pratt had taken the truck without permission, and he required Pratt to make restitution to him for wrecking his vehicle.

Sellers accompanied Pratt and Pratt's mother to a juvenile court hearing on the charges against Pratt for driving without proof of insurance and driving too fast for conditions. The court posed only a few questions to Sellers. When the juvenile court inquired as to whose vehicle the 1984 Nissan was, Sellers stated, "It's mine." The court next asked, "Do you have insurance on it?" Sellers responded,

"Yes, sir."[1] The court then examined the insurance card and concluded, "Okay, it's covered by insurance, so we'll dismiss the driving without proof of insurance."

After Rebecca Sapp requested coverage from Allstate on behalf of her son Jonathan Sapp, Pratt's passenger, Allstate sought declaratory relief to resolve whether Pratt was insured within the meaning of Sellers' policy. Meanwhile, Sapp settled an uninsured motorist claim with Allstate under another policy subject to the instant declaratory judgment action. Allstate maintained that Pratt was not covered under the liability policy at issue and, consequently, it had no duty to provide Pratt with coverage or a defense because Pratt operated the truck without the permission of its policyholder and he was not a resident of the policyholder's household. Sapp argued that whether Pratt had "constructive permission" to drive Sellers' truck and whether Sellers ratified Pratt's use of the truck by his testimony in juvenile court precluded summary judgment.

The trial court determined that Sellers' court testimony conveyed the impression to the juvenile court that the vehicle was covered and that Pratt was a covered driver. The trial court concluded that because Pratt was a covered driver for the purpose of escaping punishment for driving without proof of insurance, he could not be a covered driver for one purpose, i.e., the juvenile court appearance, and a non-covered driver for another purpose. Without reaching the issue of whether Pratt had constructive permission to drive the truck, the court denied summary judgment, determining that Sellers' testimony raised a material issue of fact on the issue of Sellers' ratification of Pratt's use of the vehicle. *Held*:

Allstate contends that the trial court erroneously concluded that Sellers' testimony in juvenile court created an issue of fact as to whether Sellers ratified Pratt's use of his vehicle and thereby estopped Allstate from denying coverage. We agree.

Under Sellers' policy, Allstate was obligated to cover an "insured" person which was defined as "any resident relative," and "any other person using [Sellers' vehicle] with [his] permission." It is undisputed that Pratt was not a resident of Sellers' household and that Pratt did not obtain Sellers' consent prior to operating the vehicle. Sapp, however, argues that Sellers' testimony created permissive use after the fact by implying that Pratt operated the vehicle with permission. Sapp contends that by offering his insurance as a shield to protect his nephew from criminal prosecution, Sellers ratified Pratt's use of the truck and thereby estopped himself and Allstate

---

[1] The juvenile court also asked if Sellers was Pratt's father, how much it cost Sellers to repair his truck and whether it was totaled.

from denying coverage. This argument is flawed for several reasons. First, Sapp has misconstrued Sellers' testimony. The juvenile court did not ask Sellers whether Pratt had his permission to use the truck or whether Sellers' policy covered Pratt. The court merely asked Sellers whether he had insurance on the vehicle, a question which Sellers truthfully answered. Second, whether a person is "insured" within the meaning of an insurance policy is a legal question, not a question for a policyholder. OCGA § 13-2-1; *Early v. Kent*, 215 Ga. 49, 50 (1) (108 SE2d 708) (1959). Third, Allstate was not represented at the juvenile court hearing and cannot be estopped from denying coverage based on what its policyholder stated about his insurance contract. Sapp offered no evidence that Sellers was acting on behalf of Allstate when he presented his insurance card to the juvenile court or that he had the authority to bind Allstate with his testimony. *Rubin v. Mikart, Inc.*, 167 Ga. App. 425, 426-427 (306 SE2d 420) (1983) (ratification requires principal/agent relationship). See *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777, 781 (1) (300 SE2d 180) (1983) (act subject to ratification must be done for and on the behalf of party adopting and ratifying it). No evidence was offered that Allstate elected to "ratify" or bind itself by any statement or any conduct of Sellers.

Nor was there an estoppel. Estoppel requires justifiable reliance on the opposing party's representations or conduct and a change in position to one's detriment. *State Farm Mut. Auto. Ins. Co. v. Penrow*, 142 Ga. App. 463, 466 (4) (236 SE2d 275) (1977). Sapp failed to show justifiable reliance or a detrimental change in position.

Nothing Sellers said constituted a solemn admission in judicio binding on Allstate. See OCGA § 24-4-24 (b) (7); compare *Anderson v. Clark*, 70 Ga. 362, 367 (3) (1883). Having found no merit to the ratification argument as creating ex post facto permissive use, and in the absence of any evidence that Pratt had received expressed or implied permission to use Sellers' vehicle, we find that Allstate was entitled to summary judgment as a matter of law. OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 1, 1996 —

*Karsman, Brooks & Callaway, R. Krane Riddle*, for appellant.
*Benjamin S. Eichholz, Harris O'Dell, Jr., Birney O. Bull*, for appellees.