A89A0240, A89A0241. GOBER et al. v. HOSPITAL AUTHORITY OF GWINNETT COUNTY (two cases).
(382 SE2d 106)

BANKE, Presiding Judge.

These appeals arise from the same litigation which gave rise to *Gober v. Nisbet*, 186 Ga. App. 264 (367 SE2d 68) (1988) (cert. denied). The appellee herein was named as a co-defendant in the two actions below, based on allegations of negligence which were identical to those made against the other defendants named therein. In *Gober v. Nisbet*, supra, we held that the suits could not be considered valid renewal actions pursuant to OCGA §§ 9-2-61 (a) and 9-11-41 (d), with the result that the trial court should have granted summary judgment to the defendants involved in that appeal, based on the running of the statute of limitation. Subsequent to that decision, and in reliance thereon, the appellee herein sought and obtained summary judgment on identical grounds. In the present appeals, the plaintiffs contend that the appellee waived the statute of limitation defense by failing to assert it in its original answers. In addition, they contend that our prior decision in *Gober v. Nisbet*, supra, was incorrect and should be overruled and that, even if it was not incorrect, it set forth a new rule of law which should be given prospective application only. *Held*:

1. The statute of limitation defense was not waived by the appellee but was properly asserted by amendment to its answers. "CPA § 15 (a) [OCGA § 9-11-15 (a)] allows a party to amend his pleading as a matter of course and without leave of the court at any time before the entry of a pre-trial order. In the instant case, [the appellee] did exactly that, using the amended answer affirmatively to plead the statute of limitation." *Security Ins. Co. of Hartford v. Gill*, 141 Ga. App. 324, 325 (233 SE2d 278) (1977). Moreover, an affirmative defense such as the statute of limitation may properly be raised by motion for sum-

mary judgment even though it has not been asserted in the answer. See *Brown v. Moseley*, 175 Ga. App. 282, 283 (1) (333 SE2d 162) (1985); *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342 (2) (173 SE2d 723) (1970); *Catalina, Inc. v. Woodward*, 124 Ga. App. 26 (1) (182 SE2d 921) (1971). Accord *Beazley v. Williams*, 231 Ga. 137 (200 SE2d 751) (1973).

2. We do not agree that a new rule of law was announced in *Gober v. Nesbit*, supra. In deciding that case, we simply applied the prior holding of this court in *Perry v. Landmark Fin. Corp.*, 141 Ga. App. 62, 63 (232 SE2d 399) (1977), that in order to file a valid renewal action pursuant to § 41 (d) of the CPA, "it is essential that the first action be dismissed . . . before the second action becomes a valid and pending suit." Accord *Brinson v. Kramer*, 72 Ga. App. 63, 66 (33 SE2d 41) (1945). Although we disapproved a contrary interpretation of *Perry* which had appeared in *Hilliard v. Edwards*, 169 Ga. App. 808, 809 (315 SE2d 39) (1984), we did not find it necessary to overrule *Hilliard* but simply rejected its characterization of the *Perry* decision on the ground that it was mere dicta and could not be squared either with the language of OCGA § 9-11-41 (d) or with the language of *Perry* itself. Thus, *Gober v. Nisbet* broke no new ground; and, even if it had, it would nevertheless be binding in the present appeal pursuant to OCGA § 9-11-60 (h), which specifies that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." See *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 122 (335 SE2d 547) (1985). Cf. *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267, 273 (339 SE2d 321) (1985).

*Judgments affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 3, 1989 —
REHEARING DENIED MAY 9, 1989 —

John F. Manning, Butler & McDonald, James E. Butler, Mary Lou Keener, for appellants.

Blasingame, Burch, Garrard & Bryant, Gary B. Blasingame, James B. Matthews II, Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, for appellee.