A89A0834. SWARTZEL et al. v. GARNER.

(387 SE2d 359)

CARLEY, Chief Judge.

On October 29, 1982, appellant-plaintiffs and appellee-defendant were involved in a vehicular collision. On August 1, 1984, appellants filed suit against appellee. The case was called for trial on May 4, 1987. After a request for continuance was denied, appellants' counsel apparently stated his intention to dismiss the case without prejudice. However, no written notice of dismissal was ever filed by appellants. On November 19, 1987, the trial court ordered that the case be dismissed without prejudice nunc pro tunc, because appellants' attorney had orally dismissed the case in open court at the call of the trial calendar.

Within six months of this nunc pro tunc order, appellants refiled their action. However, appellee moved to dismiss, urging that the nunc pro tunc order of dismissal related back to May 4, 1987 and that appellants had not, therefore, refiled their action within the six-month period established by OCGA § 9-2-61. Finding that its nunc pro tunc order of November 19, 1987 was a "housekeeping procedure," the trial court concluded that appellants' renewal action was not timely filed and it granted appellee's motion to dismiss. It is from this order of dismissal that appellants bring this appeal.

OCGA § 9-11-41 (a) provides, in relevant part, that "an action may be dismissed by the plaintiff, without order or permission of court, *by filing a written notice of dismissal* at any time before the plaintiff rests his case." (Emphasis supplied.) Thus, written notice filed by the plaintiff is required to effectuate the *voluntary* dismissal of an action. See *Paul v. Bennett*, 241 Ga. 158 (244 SE2d 9) (1978); *Wilson v. Barton & Ludwig*, 163 Ga. App. 721, 727 (3) (296 SE2d 74) (1982). Accordingly, *no voluntary dismissal* ever occurred in the instant case.

If, as the result of appellants' failure to comply with OCGA § 9-11-41 (a), appellee wanted to secure an *involuntary* dismissal, he was required to take affirmative action to obtain such an order. See generally *Kalin v. Pfarner*, 124 Ga. App. 816, 817 (1) (186 SE2d 365) (1971). He did not do so. Pursuant to OCGA § 9-11-41 (b), the trial court, acting on its own motion, was also certainly authorized to enter an order of *involuntary* dismissal. See *Cramer, Inc. v. Southeastern Office &c. Co.*, 171 Ga. App. 514, 515 (1) (320 SE2d 223) (1984). However, the order entered by the trial court on November 19, 1987 pur-

ported to serve as a nunc pro tunc *voluntary* dismissal of appellants' action. A dismissal pursuant to OCGA § 9-11-41 (a) is accomplished by the plaintiff, not by order of the trial court. Since "nunc pro tunc orders cannot be utilized to correct non-action on the part of the trial court[,]" *Savannah Iron &c. Corp. v. Mitchell*, 168 Ga. App. 252, 253 (1) (308 SE2d 569) (1983), it necessarily follows that a nunc pro tunc order cannot be used to effectuate retroactive action which the trial court was never originally authorized to accomplish. If the trial court's order of November 19, 1987, has any effect whatsoever, it is as an *involuntary* dismissal as of that date, and not as a nunc pro tunc voluntary dismissal by appellants as of May 4, 1987.

Therefore, it was error to grant appellee's motion to dismiss appellants' renewal action. Appellants refiled within six months of the valid *involuntary* dismissal of their action by order of the trial court on November 19, 1987. OCGA § 9-2-61 " 'applies to involuntary as well as voluntary dismissals, where the merits are not adjudicated. (Cits.)' [Cit.]" *Fowler v. Aetna Cas. &c. Co.*, 159 Ga. App. 190, 192 (2) (283 SE2d 69) (1981).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 27, 1989 —
REHEARING DENIED OCTOBER 24, 1989 — 

*Rubin Law Offices, Robert P. Hoyt*, for appellants.
*Chambers, Mabry, McClelland & Brooks, Clyde E. Rickard III*, for appellee.