A91A1171. BLACKERBY v. HENSON.
(411 SE2d 91)

McMURRAY, Presiding Judge.

On May 27, 1988, Gloria Jean Henson (plaintiff) filed an action against Robert Michael Blackerby (defendant) and alleged that defendant negligently drove his car into plaintiff's vehicle on May 30, 1986. Defendant was served with process on August 24, 1989. On September 19, 1989, an answer was filed on defendant's behalf by attorney Ted H. Reed. On October 3, 1989, attorney Arthur H. Glaser filed an answer on defendant's behalf and specifically raised the statute of limitation as a defense.[1] On August 8, 1990, defendant filed a motion to dismiss, contending that plaintiff's complaint should be dismissed because it was served after the applicable two-year statute of limitation and "some fifteen . . . months after suit was filed." The trial court denied defendant's motion to dismiss, finding that defendant waived the statute of limitation defense by failing to assert it in the answer filed on September 19, 1989. We granted defendant's applica-

---

[1] An "ORDER OPENING DEFAULT" was filed on October 4, 1989, accepting defendant's payment of all accrued costs and ordering "that said default is opened as provided by law." However, nothing in the record shows that defendant was in default for failing to file a timely answer or that a default judgment was entered against defendant for any reason.

tion for interlocutory appeal. *Held*:

OCGA § 9-11-15 (a) allows a party to "amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." A pretrial order has not been entered in the case sub judice. Further, defendant's October 3, 1989, answer raised the statute of limitation defense, as did his October 8, 1990, motion to dismiss. Consequently, the trial court erred in finding that defendant waived the statute of limitation defense by failing to assert it in the September 19, 1989, answer. *Gober v. Hosp. Auth. of Gwinnett County*, 191 Ga. App. 498 (1) (382 SE2d 106). The case is therefore remanded for a determination of whether plaintiff exercised diligence in serving defendant over 15 months after expiration of the applicable statute of limitation. See *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138).

*Judgment reversed and case remanded. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 25, 1991.

*Drew, Eckl & Farnham, Arthur H. Glaser, Jane R. Leitz*, for appellant.

*Harris P. Baskin, Jr.*, for appellee.