United States Court of Appeals,

Eleventh Circuit.

No. 94-8554

Non-Argument Calendar.

Paul MORRIS, Plaintiff-Appellant,

v.

Michael Ray HAREN, Defendant, Cross-Defendant-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant, Cross-Claimant-Appellee.

May 19, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-01817-CV-RHH), Robert L. Vining, Jr., Chief Judge.

Before KRAVITCH, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Paul Morris appeals from the district court's judgment dismissing his suit against Michael Ray Haren for lack of jurisdiction. We affirm.

Morris originally brought suit in Georgia state court. On April 20, 1992, after beginning the trial, Morris announced in court that he intended to dismiss his case. Although this announcement ended the trial, Morris did not file a written dismissal with the state court until April 27, 1992. Morris refiled his claim in federal district court in July 1992; however, service of process was not obtained on Haren until October 27, 1992. The district court dismissed the case *sua sponte* for lack of jurisdiction, finding that Haren was not timely served within the period prescribed by Georgia law. Morris makes several challenges

to the district court's judgment, each of which we reject.

I.

Morris first argues that the district court misconstrued the applicable statute governing the time period for renewing suits that have been discontinued or dismissed. Georgia's statute states:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff *discontinues or dismisses* the same, it may be recommenced in a court of this state or, if permitted by the federal rules of civil procedure, *in a federal court either within the applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later....*

O.C.G.A. § 9-2-61(a) (Supp.1994) (emphasis added). Morris contends that April 27, 1992, is the date that begins the six-month period because that is the date the written dismissal was filed; Haren asserts that the relevant date is April 20, the date Morris ended the trial by announcing his intention to discontinue prosecution of the case. We review *de novo* questions of statutory interpretation.

We disagree with Morris's argument that the term "discontinuance" has no independent meaning in the statute and his assertion that we should therefore look only to the date of the filing of the written dismissal. Because section 9-2-61(a) expressly provides for the "discontinuance *or* dismissal" (emphasis added) of a case, Morris's construction would ignore the plain meaning of the statute and read out one of the statutory terms. *United States v. Myers,* 972 F.2d 1566, 1572 (11th Cir.1992) ("Courts should give statutory language its ordinary, usual, and plain meaning."), *cert. denied,* --- U.S. ----, 113 S.Ct. 1813, 123 L.Ed.2d 445 (1993); *Butterworth v. Butterworth,* 227 Ga. 301, 180

S.E.2d 549, 552 (1971) ("[A]ll the words of the legislature, however numerous, ought to be preserved.") (citation omitted). Thus, we hold that discontinuance and dismissal refer to two different occurrences and that Haren discontinued his case on April 20, 1992.

Morris argues that even if we hold that he discontinued his suit on April 20, he is entitled under section 9-2-61(a) to use the date of dismissal to start the six-month period because it is the "later" date. Under his interpretation, the time period expires upon one of three dates, "whichever is later": (1) the expiration of the statute of limitations; (2) six months from the date of discontinuance; or (3) six months from the date of dismissal. Such a construction is contrary to the plain language of the statute. The plain meaning of the term "either" is a reference to *two* choices. *See* Random House Unabridged Dictionary 625 (2d ed. 1993). Thus, the plain meaning of the phrase "whichever is later" refers to the later date of two dates: (1) the end of the statute of limitations; or (2) six months after the date of discontinuance or dismissal. We also agree with the district court that, where, as here, the discontinuance of a case precedes the filing of the written dismissal, the six-month period begins to run on the earlier date of discontinuance. Otherwise, the potential for abuse or manipulation of the statutory time period would exist. Therefore, we hold that the relevant date in this case to begin running the six-month period under section 9-2-61(a) is April 20, 1992, the date Morris discontinued his lawsuit.

II.

Next, Morris argues that the district court abused its discretion in finding that he did not exercise due diligence in serving process. In this case, Morris timely filed his complaint with the district court within the six-month period of section 9-2-61(a), but did not serve Haren within that period. Under Georgia law, service that is perfected after the statute of limitations has run and more than five days after the complaint was filed will relate back to the date of filing only if the plaintiff "diligently attempted to perfect service." *Cambridge Mutual Fire Insurance Co. v. City of Claxton,* 720 F.2d 1230, 1233 (11th Cir.1983). For the reasons stated in the district court's order, we hold that the district court did not abuse its discretion in finding that the untimely service was the result of Morris's failure to use due diligence in serving Haren within the statutory time period. *See, e.g., id.* at 1233-1234; *Walker v. Hoover,* 191 Ga.App. 859, 383 S.E.2d 208, 209 (1989).

## III.

We also reject Morris's assertion that the district court's failure to hold an evidentiary hearing was an abuse of discretion or denial of due process.

## IV.

The judgment of the district court is AFFIRMED.