## A00A0287. CARTER v. DIGBY.
(535 SE2d 273)

RUFFIN, Judge.

Charlie Carter sued Leon Digby for injuries allegedly sustained in an automobile-pedestrian collision that occurred on December 3, 1993. On the day of trial, June 16, 1998, after the trial court denied his motion for a continuance, plaintiff's counsel informed the court of his intent to dismiss the case. Counsel signed a voluntary dismissal that day and served it on defense counsel by mail. The dismissal was not filed with the court, however, until July 9, 1998. On January 11, 1999, Carter filed a renewal action pursuant to OCGA § 9-2-61. Digby moved to dismiss, contending that the action was not filed within the six-month renewal period set forth in the statute. The trial court granted the motion, holding that the six-month period began on June 16, 1998, when plaintiff's counsel announced his intent to dismiss, rather than on July 9, 1998, when the voluntary dismissal was filed with the court.[1] Because the renewal period begins upon the filing of the written dismissal, we reverse.[2]

OCGA § 9-11-41 (a) states that "an action may be dismissed by the plaintiff, without order or permission of court, by filing a written

---

[5] (Citations omitted.) *Jefferson v. State*, 209 Ga. App. 859, 861 (1) (434 SE2d 814) (1993) (whole court).

[1] As the trial court acknowledged, if the six-month period began on July 9, 1998, the January 11, 1999 filing of the renewal action would have been timely, since January 9, 1999, fell on a Saturday.

[2] Digby's motion to dismiss this appeal due to Carter's late filing of his enumeration and brief is denied. See OCGA § 5-6-48 (b); *Val Preda Motors v. Nat. Uniform Svc.* 195 Ga. App. 443, 444 (1) (393 SE2d 728) (1990).

notice of dismissal at any time before the plaintiff rests his case." OCGA § 9-2-61 (a) provides that:

> [w]hen any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

In *Swartzel v. Garner*,[3] we considered the interrelation between these two statutes under facts very similar to those in the present case. In *Swartzel*, the plaintiff's counsel moved for a continuance on the day of trial, May 4, 1987. After the trial court denied the motion, counsel announced his intention to dismiss the case. However, counsel never filed a written notice of dismissal. On November 19, 1987, the trial court ordered that the case be dismissed because plaintiff's counsel had orally dismissed the action at the call of the calendar. The court characterized its order as a nunc pro tunc voluntary dismissal by the plaintiff, effective May 4, 1987. The plaintiff filed a renewal action within six months of the November 19 order. The trial court granted defendant's motion to dismiss, holding that its nunc pro tunc order was simply a "housekeeping procedure," and that the dismissal related back to May 4.

We reversed, holding that the November 19 order constituted an *involuntary* dismissal by the trial court effective that date, and not a *voluntary* dismissal by the plaintiff effective May 4. We noted that, under OCGA § 9-11-41 (a), a plaintiff may voluntarily dismiss an action "by filing a written notice of dismissal." Thus, we held, "written notice filed by the plaintiff is required to effectuate the voluntary dismissal of an action."[4] Because the plaintiff never filed a written notice of dismissal, no voluntary dismissal ever occurred.[5] Although the trial court had the power to involuntarily dismiss the plaintiff's case, it could not use a nunc pro tunc order to retroactively effect a voluntary dismissal by the plaintiff.[6]

*Swartzel* thus stands squarely for the proposition that, even though a plaintiff announces in open court his intent to voluntarily dismiss a case, no voluntary dismissal occurs until the plaintiff actually files a written notice thereof. In this case, it is undisputed that the written notice was not filed until July 9, 1998. Accordingly, the

---

[3] 193 Ga. App. 267 (387 SE2d 359) (1989).
[4] Id.
[5] Id.
[6] Id. at 267-268.

case was not voluntarily dismissed until that date. Although Digby notes that Carter served Digby's counsel with a copy of the notice of dismissal before July 9, the statute states that dismissal occurs upon the "filing" of the written notice, and Digby cites no authority for the proposition that the filing date of a pleading relates back to the date it was served on opposing counsel.[7]

The trial court, in its order, held that Carter was estopped from relying on the July 9 filing date because of Digby's "reasonable reliance . . . that the case had been dismissed on June 16, 1998." Even assuming that an estoppel analysis is appropriate in this type situation, it is not clear how Digby "relied" on the fact that the case had been dismissed on June 16 rather than July 9.[8] In any event, given the clear holding in *Swartzel* that a voluntary dismissal is ineffective until written notice is filed, it is difficult to see how a defendant could reasonably rely upon anything other than proof that the dismissal has in fact been filed with the court on a particular date. This is especially true given the relative ease with which a party can confirm that a pleading has been filed with the court.

Because the notice of dismissal was not filed until July 9, 1998, the six-month renewal period did not begin until that date. Accordingly, the trial court erred in granting Digby's motion to dismiss.

*Judgment reversed. Ellington, J., concurs. Andrews, P. J., concurs in the judgment only.*

DECIDED MAY 26, 2000.

*Morriss, Lober & Dobson, Bruce F. Morriss, William G. Dobson, Daniel Shim,* for appellant.
*Lawson & Priebe, Jason K. Priebe, Bonne K. Cole,* for appellee.

---

[7] Compare *Jones v. Jones*, 230 Ga. 738, 740 (2) (199 SE2d 239) (1973) (stating that complaint is voluntarily dismissed "as of the date of filing," but only if opposing party is served or has actual notice).

[8] See *Allstate Ins. Co. v. Sapp*, 223 Ga. App. 443, 445 (477 SE2d 869) (1996) ("Estoppel requires justifiable reliance on the opposing party's representations or conduct and a change in position to one's detriment."); *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 73 (2) (378 SE2d 323) (1989) ("doctrine of estoppel . . . applies only where the representations of one party cause another to act in reliance thereon to the latter's detriment").