## A07A2116. COOPER v. LEWIS.
### (655 SE2d 344)

BLACKBURN, Presiding Judge.

Mary Jo Cooper appeals the dismissal of a renewal action that asserted a negligence claim against Kyle Lewis, contending that the trial court erred in ruling that Cooper failed to comply with the renewal statute. Because there was evidence supporting the trial court's ruling that service of process in the original suit was ineffectual, that suit is void, and the trial court correctly dismissed Cooper's renewal claim. Accordingly, we affirm.

The undisputed record shows that on February 3, 2004, Cooper filed her original complaint in the Paulding County Superior Court seeking damages for injuries she allegedly received in an automobile collision on February 3, 2002. On February 23, 2004, the sheriff returned an entry of service stating that Lewis was not found in the jurisdiction of the court because he had a Cobb County address. On March 30, 2004, the case was transferred to the Cobb County State Court. On August 27, 2004, a Cobb County deputy sheriff attempted service by leaving a copy of the summons and complaint with Lewis's father at 162 Stanbrough Drive, in Cobb County. On February 25, 2005, after Lewis disputed proper service and moved for summary judgment, Cooper voluntarily dismissed that suit before the court ruled on Lewis's motion.

On August 24, 2005, Cooper filed this renewal action against Lewis in the Cobb County State Court. On September 4, 2005, a Cobb County deputy sheriff returned an entry of service stating that, after a diligent search, Lewis was not found and that Lewis no longer lived at the address listed, 162 Stanbrough Drive, in Cobb County. Cooper hired a private process server, who purported to personally serve Lewis at 162 Stanbrough Drive in Cobb County on November 26, 2005 at 4:20 p.m. Lewis again disputed service and, on March 13, 2007, moved for summary judgment, attaching affidavits from himself and from those family members residing at Stanbrough Drive to the effect that Lewis had moved to North Carolina prior to August 2004 and that he was never served at the Stanbrough Drive address. Lewis also attached a pay stub purporting to show employment in

North Carolina since July 12, 2004. Following a hearing, the trial court granted Lewis's motion, giving rise to this appeal.

With respect to Cooper's ability to renew her prior action,

> OCGA § 9-2-61 (a) permits the renewal of an action after its dismissal by filing a new complaint within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. But if the original suit is void, then the second suit is not a renewal suit under OCGA § 9-2-61 (a) and cannot rely on the original suit's filing date for statute of limitations purposes. The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. A void action cannot be renewed after the statute of limitation has run.

(Citation and punctuation omitted.) *Towe v. Connors*.[1]

Here, Cooper filed her suit one day prior to the expiration of the six-month renewal window, and well after the expiration of the statute of limitation which expired on February 3, 2004. Thus, to bring the renewal action, she was required to demonstrate the viability of her initial suit.

To do so, Cooper asserted that, in the original suit, she served Lewis by leaving a copy of the summons and complaint with Lewis's father at the Stanbrough Drive address, and Cooper points to a sheriff's return of service so stating. However, Lewis counters that he had moved from that address before the original service was purportedly made, and that it was therefore ineffectual. See *Terrell v. Porter*[2] ("[a] copy of the summons and complaint left with a relative at a place other than appellee's residence or usual place of abode is not sufficient service"). To support this assertion, Lewis provided the trial court with affidavits from himself and his family members so stating, along with a corroborating pay stub showing employment in North Carolina.

Based on this evidence, the trial court found that Lewis did not reside at the Stanbrough Drive address when Cooper attempted to serve him there, and that Cooper had therefore not effectuated service. "Where, as in this case, the trial court sat as the trier of jurisdictional issues of fact, absent legal error an appellate court is without jurisdiction to overturn factual findings supported by some

---

[1] *Towe v. Connors*, 284 Ga. App. 320 (644 SE2d 176) (2007).
[2] *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989).

evidence." (Punctuation omitted.) *Wahnschaff v. Erdman.*[3] Because there was some evidence to support the trial court's findings, we affirm. See *Merriweather v. Voss.*[4]

Judgment affirmed. *Ruffin and Bernes, JJ., concur.*

DECIDED DECEMBER 4, 2007.

*Daryl V. Yokely,* for appellant.

*Harper, Waldon & Craig, Thomas D. Harper, James A. Neuberger,* for appellee.

---

[3] *Wahnschaff v. Erdman,* 216 Ga. App. 355, 356 (454 SE2d 213) (1995).
[4] *Merriweather v. Voss,* 277 Ga. App. 240, 241 (626 SE2d 201) (2006).