### A10A1089. KILGORE v. STEWART.
(705 SE2d 209)

SMITH, Presiding Judge.

John Kilgore appeals from the trial court's order denying his motion to dismiss a renewal action filed by Grant Stewart. Kilgore asserts the trial court should have dismissed Stewart's renewal action because it was filed before Stewart validly dismissed his first action against Kilgore. We agree and therefore reverse.

The record shows that Stewart filed suit against Kilgore and Walter Stansberry for injuries he received in an automobile accident. Stewart also served State Farm Mutual Automobile Insurance Company with a copy of the complaint. Stewart voluntarily dismissed Kilgore, and only Kilgore, on March 6, 2009. Thirteen days later, he voluntarily dismissed Stansberry. Shortly after that, he filed a renewal action against both defendants. On June 16, 2009 — long after the renewal action had been filed — the trial court entered a "so ordered" stamp on the voluntary dismissal of Kilgore and signed the stamp.

Kilgore moved to dismiss the renewal complaint based upon Stewart's failure to obtain a court order approving his dismissal before filing the renewal action as required by OCGA § 9-11-21. The trial court denied the motion in a one-sentence order without

explaining its reasoning.

We agree with Kilgore's contention on appeal that the trial court should have granted his motion to dismiss. "The dismissal of less than all the parties from an action . . . is accomplished under OCGA § 9-11-21 with the requirement that it be done by order of the court." (Citations omitted.) *Rosales v. Davis*, 260 Ga. App. 709, 710 (1) (580 SE2d 662) (2003). If a plaintiff attempts to voluntarily dismiss less than all the defendants without obtaining leave of court, the dismissal is ineffective. Id. See also *Boomershine Pontiac-GMC Truck v. Snapp*, 232 Ga. App. 850, 851 (503 SE2d 90) (1998). Finally, "in order to file a valid renewal action pursuant to [OCGA § 9-11-41 (d)], it is essential that the first action be dismissed before the second action becomes a valid and pending suit." (Citation and punctuation omitted.) *Gober v. Hosp. Auth. of Gwinnett County*, 191 Ga. App. 498, 499 (2) (382 SE2d 106) (1989).

In this case, the record demonstrates that Stewart's first action was not validly dismissed before he filed his renewal action. His initial attempted dismissal of Kilgore was not effective at the time he attempted to later dismiss Stansberry because he had not yet obtained a court order approving the dismissal of only Kilgore. As a result, his attempted dismissal of Stansberry was also ineffective. Because neither defendant was validly dismissed from the action at the time Stewart filed his renewal action, the trial court erred by denying Kilgore's motion to dismiss. *Gober*, supra at 499 (2). See also *Gober v. Nisbet*, 186 Ga. App. 264, 265-266 (1) (367 SE2d 68) (1988).

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 17, 2010 —
RECONSIDERATION DENIED DECEMBER 14, 2010.

*Groth & Makarenko, Nikolai Makarenko, Jr., Laura D. Johnson*, for appellant.

*Savell & Williams, Matthew J. Ashby, Mark W. Thomas, William D. Ellis, Jr.*, for appellee.