**FOURTH DIVISION
DOYLE, P. J.,
MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 3, 2014**

# In the Court of Appeals of Georgia

A13A2393. PARSONS v. CAPITAL ALLIANCE FINANCIAL,
      LLC.

McFADDEN, Judge.

We granted Latasha Parson's application for discretionary review of the superior court's order denying as untimely her appeal from a magistrate court judgment. Because Parson's appeal was not untimely, we reverse.

1. *Procedural posture.*

Capital Alliance Financial, LLC brought an action in the magistrate court to recover amounts allegedly owed by Parsons on a charge account. On December 16, 2011, the magistrate court entered judgment against Parsons. On January 17, 2012, Parsons filed an appeal from that decision in the superior court. On June 6, 2012, she voluntarily dismissed without prejudice the superior court case pursuant to OCGA §

9-11-41 (a) (1). See generally *Long v. Greenwood Homes*, 285 Ga. 560, 561 (679 SE2d 712) (2009) (explaining that voluntary dismissal under these circumstances resulted in "the dismissal of [the] case"). On December 6, 2012, she filed with the superior court a "notice of re-filing of superior court appeal," citing OCGA § 9-11-41 (a) (1) in her pleading. Her counsel signed that pleading and placed a service copy of it in the mail on December 4, 2012.

Capital Alliance filed a motion challenging the refiling, arguing that OCGA § 9-11-41 (a) (1) did not authorize Parsons to refile her appeal and that Parsons's initial appeal to the superior court was untimely. It requested that the superior court "deny [the] Notice of Re-filing of appeal to the superior court and [that] judgment against [Parsons] remain in full effect." The superior court granted the motion, but on different grounds. The superior court ruled that Parsons's refiled appeal was untimely, finding that she had refiled it on December 4, 2012, a date the superior court concluded was "not . . . within the 6 month time frame provided by OCGA § 9-2-61 (a)" for renewing an action after a voluntary dismissal.

2. *Parsons timely filed her initial appeal to the superior court.*

2

Capital Alliance argues that we should affirm the dismissal as right for any reason because Parson's initial appeal of the magistrate court judgment to the superior court, which she filed on January 17, 2012, was untimely. We disagree.

"Appeals to the superior court shall be filed within 30 days of the date the judgment, order, or decision complained of was entered." OCGA § 5-3-20 (a). Pursuant to OCGA § 1-3-1 (d) (3), however, when the last day for filing falls on a Saturday or Sunday, the appealing party may file the appeal the following Monday, and when the last day for filing falls on a public and legal holiday as defined under OCGA § 1-4-1, the appealing party may file the appeal the next business day.

In this case, the magistrate court entered its ruling on December 16, 2011. Because the thirtieth day following that ruling fell on Saturday, January 15, 2012, and the following Monday was Martin Luther King, Jr.'s Birthday (a public and legal holiday under OCGA § 1-4-1), the deadline for Parsons to file her appeal under OCGA § 5-3-20 (a) was Tuesday, January 17, 2012. Consequently, Parsons's January 17, 2012 filing of her appeal was timely. *Potter-Miller v. Reed*, 302 Ga. App. 199, 199-200 (1) (690 SE2d 215) (2010).

3. *Parsons timely renewed her superior court case after voluntarily dismissing the case.*

3

Our Supreme Court has held that an appeal of a magistrate court judgment to superior court gives rise to a de novo case that the plaintiff (the party appealing from the magistrate court ruling) may voluntarily dismiss under OCGA § 9-11-41 (a) and subsequently renew. See *Long,* 285 Ga. at 562 (holding superior court correctly denied summary judgment to defendant in renewal action of plaintiff's voluntarily dismissed appeal from a magistrate court judgment). Pursuant to OCGA § 9-2-61 (a), a plaintiff who has dismissed her case may renew the case "within six months" after the dismissal.

The superior court found that Parsons did not renew her case within six months. She dismissed the case on June 6, 2012, and filed her "notice of re-filing" on December 6, 2012. Capital Alliance argues that the December 6 filing was not "within six months" of June 6. Again, we disagree.

OCGA § 1-3-1 (d) (3) sets forth the method of computing time periods in most instances. It states that,

> [e]xcept as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, *the first day shall not be counted but the last day shall be counted. . . .*

4

OCGA § 1-3-1 (d) (3) (emphasis supplied). We have not previously applied the provision that the first day shall not be counted in computing the six-month period for filing a renewal action under OCGA § 9-2-61 (a). But in *Hanna v. Savannah Svc.*, 179 Ga. App. 525, 525-526 (1) (347 SE2d 263) (1986), we applied to a renewal action a prior version of OCGA § 1-3-1 (d) (3) that did not contain that provision. See generally *Reese v. City of Atlanta*, 247 Ga. App. 701, 702 (545 SE2d 96) (2001) (prior version of OCGA § 1-3-1 (d) (3) did not contain provision that first day shall not be counted). For the following reasons, we find that the current version of OCGA § 1-3-1 (d) (3) applies in this case.

The renewal statute does not expressly provide another method of calculating the six-month period, instead simply stating that the renewal action must be filed "within six months." OCGA § 9-2-61 (a). We have applied the computation method of OCGA § 1-3-1 (d) (3) to similar language in other statutes requiring filing "within" a particular period of time. See, e.g., *Infinite Energy v. Pardue*, 310 Ga. App. 355, 361-363 (4) (713 SE2d 456) (2011) (applying OCGA § 1-3-1 (d) (3) to requirement that certain type of action be brought "within one year" after the right of action accrues); *Baskin v. Georgia Dept. of Corrections*, 272 Ga. App. 355, 358-359 (2) (612 SE2d 565) (2005) (applying OCGA § 1-3-1 (d) (3) to requirement that

5

amendment to civil complaint against state to attach ante litem notice be filed "within 30 days" of state's motion raising issue) While our Supreme Court has declined to apply the computation method of OCGA § 1-3-1 (d) (3) to a requirement that a materialman's lien be filed "within three months" of a triggering event, it did so on the ground that the statute authorizing the lien was in derogation of common law and subject to "the strictest rules of strict construction." *U. S. Filter Distribution Group v. Barnett*, 273 Ga. 254, 254-255 (538 SE2d 739) (2000) (citation and punctuation omitted). We have declined to apply this rationale to a remedial statute that is subject to liberal construction. See *Parke v. Fant*, 260 Ga. App. 84, 85-86 (1) (578 SE2d 896) (2003). The renewal statute is just such a remedial statute. *Hobbs v. Arthur*, 264 Ga. 359, 361 (444 SE2d 322) (1994). Consequently, the rationale in *U. S. Filter Distribution Group*, supra, is inapposite.

And application of OCGA § 1-3-1 (d) (3)'s method of computation to the filing of renewal actions under OCGA § 9-2-61 (a) is implicit in some of our case law. See, e.g., *Cleveland v. Katz*, 311 Ga. App. 880, 881 (717 SE2d 500) (2011) (noting that renewal period ended on August 18, 2009, in case where plaintiff dismissed action on February 18, 2009); *Cooper v. Lewis*, 288 Ga. App. 750, 750-751 (655 SE2d 344) (2007) (noting that renewal period ended on August 25, 2005 in case where plaintiff

6

dismissed action on February 25, 2005). Although these cases do not discuss how the filing deadline was calculated, they describe deadlines consistent with the method provided for in OCGA § 1-3-1 (d) (3).

Applying OCGA § 1-3-1 (d) (3) to this case, we find that Parsons's six-month period for filing her renewal action began on June 7, 2012, the day after she dismissed the original superior court action, and ran until December 6, 2012. Accordingly, her refiling of the action on December 6 was timely and the superior court erred in granting Capital Alliance's motion.

*Judgment reversed. Doyle, P. J., and Boggs, J., concur.*