**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 3, 2014**

# In the Court of Appeals of Georgia

A14A1047. GRESHAM v. HARRIS et al.

ANDREWS, Presiding Judge.

Norris Gresham appeals from the trial court's grant of summary judgment to Clifford Harris, Jr. a/k/a "TI," Echo Studios, LLC, Grand Hustle, LLC, Grand Hustle Management, LLC, and King of da South, Inc. (the "Harris Defendants") based on the expiration of the applicable statute of limitation. Gresham argues that the trial court erred in granting the motion because his renewal action was timely filed. We agree and reverse.

The issue on appeal involves the proper construction of the renewal statute, OCGA § 9-2-61, and we apply a de novo standard of review. *Hankla v. Postell*, 293 Ga. 692, 693 (749 SE2d 726) (2013).

Gresham initially filed suit against the Harris Defendants and others on November 8, 2010. He filed a voluntary dismissal without prejudice of that suit as to all but one defendant on July 11, 2012. After the defendants moved to treat the voluntary dismissal as a motion, the trial court granted the dismissal without prejudice as to all defendants except one. That order was entered on August 12, 2012. A final order and judgment as to the remaining defendant was entered on October 23, 2012.

On February 11, 2013, Gresham filed his renewal action, alleging that it was substantially the same cause of action that had previously been voluntarily dismissed. Gresham asserted causes of action for assault and battery, conspiracy to harm, negligent failure to intervene, and punitive damages based on events that occurred on September 8, 2010. The Harris Defendants answered and asserted the statute of limitation as an affirmative defense. They then filed a motion for summary judgment based on the expiration of the applicable statute of limitation. The trial court granted the motion, dismissing all claims against the Harris Defendants.[1]

OCGA § 9-2-61 (a) provides that

---

[1] After granting summary judgment to the Harris Defendants, the trial court dismissed the action against the remaining defendants without prejudice because those defendants had not been served with process.

[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

The renewal statute thus permits the renewal of an action outside the statute of limitation if the renewal action is filed within six months after the discontinuance or dismissal.[2] Gresham contends that August 12, 2012, is the date that begins the six-month period because that is when the trial court granted the voluntary dismissal. The Harris Defendants contend that the proper starting date is July 11, 2012, when Gresham filed his voluntary dismissal of less than all of the parties. If the latter date is used, then Gresham's renewal action is untimely.

OCGA § 9-11-41 (a) provides that an action may be dismissed without prejudice by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the first witness is sworn. A voluntary dismissal of less than all of the parties, however, is governed by OCGA § 9-11-21, which

---

[2] The parties do not dispute that the renewal action was filed outside the two-year statute of limitation applicable to injuries to the person. See OCGA § 9-3-33; *Valades v. Uslu*, 301 Ga. App. 885, 887-888 (1) (689 SE2d 338) (2009).

provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Thus, "[i]f a plaintiff attempts to voluntarily dismiss less than all the defendants without obtaining leave of court, the dismissal is ineffective." (Citations omitted.) *Kilgore v. Stewart*, 307 Ga. App. 374, 375 (705 SE2d 209) (2010); *Flemister v. Hopko*, 230 Ga. App. 93 (1) (495 SE2d 342) (1998). Based on this authority, it is clear that Gresham's filing of a voluntary dismissal would have been sufficient to dismiss the first action if he had dismissed all of the defendants. Because he dismissed less than all of the defendants, a court order was required. The court order was not entered until August 12, 2012, which was the effective date of the dismissal of the first action.

The Harris Defendants argued and the trial court agreed that even if the filing of the voluntary dismissal by Gresham did not effectively dismiss the case, it did constitute a "discontinuance" within the meaning of OCGA § 9-2-61 (a), thereby beginning the running of the six-month period. To support its ruling, the trial court relied on *Morris v. Haren*, 52 F3d 947 (11th Cir. 1995). In *Morris*, after the trial had begun, the plaintiff announced that he intended to dismiss his case and, seven days later, filed a written dismissal with the court. Id. at 948. The plaintiff then refiled his

4

complaint under Georgia's renewal statute, taking the position that the six-month period began to run when the written dismissal was filed. Id. Construing OCGA § 9-2-61 (a), the 11th Circuit determined that "discontinuance" and "dismissal" refer to two different occurrences and that the plaintiff had discontinued his case within the meaning of Georgia's renewal statute when he announced his intention to dismiss the case. Id. at 949. The trial court agreed with the 11th Circuit's interpretation of the statute and found that Gresham's filing of the purported written dismissal was akin to the verbal announcement in *Morris* and constituted a discontinuance that triggered the running of the renewal period.

As an appellate court, we are not bound by decisions of other states or federal courts except the United States Supreme Court. *Davita, Inc. v. Othman*, 270 Ga. App. 93, 95 (1) (606 SE2d 112) (2004). Federal authority is persuasive, but as a general rule, "this Court adopts federal court authority only when it is not in conflict with our own legal precedent and is consistent with our public policy goals." *Russell v. Parkford Mgmt. Co.*, 235 Ga. App. 81, 82 (2) (508 SE2d 454) (1998). Although there are no Georgia cases that have decided this exact issue, we decline to follow the 11th Circuit's reasoning in *Morris* and conclude that an event short of the termination of

5

the plaintiff's action against the relevant defendant or defendants cannot constitute a discontinuance under the renewal statute.

"We begin our analysis of the statute by recognizing that fundamental rules of statutory construction require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to look diligently for the intention of the General Assembly." *Atlanta Independent School System v. Atlanta Neighborhood Charter School*, 293 Ga. 629, 631 (748 SE2d 884) (2013). By definition, a dismissal entails termination of an action. See Bryan A. Garner, ed., Black's Law Dictionary at 537 (9th ed. 2009) (defining dismissal as: "Termination of an action or claim without further hearing, esp. before the trial of the issues involved."). A discontinuance likewise may be defined as a type of event that terminates an action. See id. at 532 (defining discontinuance as: "The termination of a lawsuit by the plaintiff; a voluntary dismissal or nonsuit."); The American Heritage Dictionary of the English Language at 531 (3d ed. 1992) (defining "discontinuance" as: "Termination of an action by the plaintiff."). In an early case construing a predecessor to the renewal statute, however, the Georgia Supreme Court, referring to Blackstone and other authorities, stated that "it would seem that a discontinuance is where the plaintiff fails to follow up his case and leaves a chasm in the proceedings by his

6

laches." *Rountree v. Key*, 71 Ga. 214, 214-215 (1883). The Supreme Court further explained that

> a [plaintiff's] failure to appear and prosecute, and thus follow up his case, or continue to prosecute, would operate as a discontinuance by the plaintiff's action, and the court might order that it be discontinued at the motion of the defendant, or do what is the same thing under our practice, in effect and substance, dismiss the plaintiff's suit for want of prosecution.

Id. at 215. Thus, under *Rountree*, a discontinuance may result from a want of prosecution sufficient to entitle the defendant to seek an order terminating the action. See OCGA § 9-11-41 (b) (allowing defendant to move for dismissal for want of prosecution). But even if a discontinuance under the renewal statute may refer to some action taken by the plaintiff that does not of itself terminate the pending case, such as the plaintiff's failure to appear or prosecute, we conclude that the renewal period does not begin to run until the case is actually terminated as a result of such action.

Our conclusion has roots in the statute's origin. As the Georgia Supreme Court recounted in *Clark v. Newsome*, the renewal statute was first enacted in 1847 and provided:

7

> Whenever any case now or hereafter pending in any of the courts of this State, either at law or in equity, commenced within the time limited by law, shall be discontinued, dismissed, or the plaintiff therein become nonsuited, and the plaintiff's claim may be barred during the pending thereof by any law now in force in this State, the plaintiff may, at any time within six months *from such termination of the case*, and not after, renew or recommence the same, in any court having jurisdiction thereof in this State.

(Emphasis supplied.) 180 Ga. 97, 99 (178 SE 386) (1935), citing Ga. L. 1847, p. 217. The legislature passed a similarly-worded act in 1856, which referred to the right to renew a suit "at any time within six months after such termination of the case." Id., citing Ga. L. 1855-56, p. 237, § 33. When Georgia's laws were codified in the Code of 1863, the language of the renewal statute was changed to provide: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." Id. The Supreme Court affirmed in *Clark* that notwithstanding these changes, the right of renewal was not restricted to cases in which an action was nonsuited or the plaintiff voluntarily dismissed or discontinued it but rather continued to apply, as under the previous law, to an involuntary dismissal other than on the merits. Id. at 101-102. Taking into account the remedial purpose of

8

the renewal statute and the rule that the codification of Georgia's laws should not be understood to work a change in the law "unless the contrary manifestly appears from the words employed," the Supreme Court concluded in *Clark* that "the [renewal statute contained] in the Code should be considered as a mere condensation of the specific enactments . . . and that the original law is the criterion of the right of renewal." Id. at 102.

As the discussion in *Clark* reflects, the renewal statute, at its inception, made it clear that the six-month renewal period was to be calculated from termination of the plaintiff's prior action. Also, as set forth in *Clark*, the codification of the original renewal statutes was not intended to change the law. As such, the same rule as to measuring the renewal period continued to apply following codification even if it was no longer expressly stated. And although the renewal statute has been amended a number of times, we discern no basis for concluding that the General Assembly intended to change the law in this regard.

Our conclusion that a discontinuance under the renewal statute is not an event prior to and distinct from the termination of an action finds further support in the well-recognized principle that a remedial act like the renewal statute must be liberally construed. See *Parsons v. Capital Alliance Financial, LLC*, 325 Ga. App. 884, 887

(3) (756 SE2d 14) (2014). A valid renewal action may not be filed if the prior action that the plaintiff wishes to renew is still pending, *Kilgore*, 307 Ga. App. at 375, and the right of renewal would be restricted and compromised if an event short of termination of the prior case could cause the six-month renewal period to begin running. Finally, our construction of the renewal statute is consistent with our prior decisions that, while not addressing the precise question raised here (i.e., the meaning of "discontinuance"), have held that when a case is voluntarily dismissed against all defendants, the renewal period begins to run when the dismissal is filed rather than an earlier date when the intention to dismiss is verbally announced because OCGA § 9-11-41 (a) requires such filing to effectuate a voluntary dismissal. See *Carter v. Digby*, 244 Ga. App. 217, 218 (535 SE2d 273) (2000); *Swartzel v. Garner*, 193 Ga. App. 267 (387 SE2d 359) (1989).

Based on the foregoing, the relevant event in this case for determining when the six-month period began is the entry of the trial court's order granting the voluntary dismissal without prejudice as to all but one of the defendants. To calculate the deadline for Gresham's renewal action, we apply OCGA § 1-3-1 (d) (3) and find that the six-month period for filing his renewal action began on August 13, 2012, the day after the trial court dismissed the original action, and ran until February 12, 2013.

10

See *Parsons*, 325 Ga. App. at 887 (3). As a result, Gresham's refiling of the action on February 11 was timely. See id. The trial court therefore erred in granting the Harris Defendants' motion for summary judgment.

*Judgment reversed. McFadden and Ray, JJ., concur*.