# Court of Appeals
# of the State of Georgia

ATLANTA,___May 07, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15D0364.  HAROLD R. LILLY v. CITY OF CARROLLTON, GEORGIA.

Harold Lilly sued the City of Carrollton for damages.  On February 12, 2015, the trial court entered an order dismissing the complaint with prejudice.  Lilly then filed three pro-se motions seeking discovery, certain injunctive relief, and the entry of default judgment in his favor.  On March 11, the trial court entered three separate orders denying those motions, and on April 10, Lilly filed this application for discretionary appeal seeking review of the March 11 orders.  We, however, lack jurisdiction.

Because no provision of OCGA § 5-6-35 (a) applies here, Lilly was not required to file an application for discretionary appeal.  If a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j). But Lilly does not have a right of direct appeal.

The trial court's order dismissing Lilly's complaint was a final, directly appealable judgment.  See OCGA § 5-6-34 (a) (1); *Gist v. DeKalb Tire Co.*, 223 Ga. App. 397, 398 (1) (477 SE2d 616) (1996).  Thus, Lilly had a right to appeal that judgment within 30 days of its entry.  See OCGA § 5-6-38 (a).  He did not do so. Instead, he filed three post-judgment motions that did not seek to set aside or otherwise invalidate the dismissal order, but instead requested various other forms of relief.  The effect of the trial court's dismissal, however, was to terminate the action so that Lilly's claims are no longer pending.  See *Gresham v. Harris*, 329 Ga. App. 465, 467 (765 SE2d 400) (2014).  Unless the dismissal order is set aside, Lilly has no right to any of the affirmative relief requested in his post-judgment motions. Accordingly, this application seeking review of the denial of the post-judgment

motions is moot. See *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007) ("An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination."). It is therefore DISMISSED for lack of jurisdiction. See OCGA § 5-6-48 (b) (3).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____05/07/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ , *Clerk.*